UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAMILTON TABARES AREIZA,         *
         *
    Petitioner,          *
         *
    v.          *
         *
ANTONE MONIZ, Superintendent, Plymouth   *
County Correctional Facility; DAVID   *
WESLING, Field Office Director; TODD   *     Civil Action No. 1:26-cv-11563-IT
LYONS, Acting Director, U.S. Immigration   *
and Customs Enforcement; MARKWAYNE   *
MULLIN, U.S. Secretary of Homeland   *
Security; and TODD BLANCHE, Acting U.S.   *
Attorney General,   *
         *
    Respondents.        *
         *

MEMORANDUM & ORDER

April 8, 2026

TALWANI, D.J.

Petitioner Hamilton Tabares Areiza, a citizen of Colombia, entered the United States without inspection in January 2022. See Pet. ¶¶ 3–4 [Doc. No. 1]. U.S. Immigration and Customs Enforcement ("ICE") agents "and/or other federal agents acting on ICE's behalf" arrested Petitioner on or about March 22, 2026. Id. ¶ 6. He is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 7.

On April 2, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks, inter alia, immediate release from detention or, "in the alternative[,]" an individual bond hearing pursuant to 8 U.S.C. § 1226(a), and an order requiring that, should Respondents release Petitioner from custody, Respondents do so

> in Massachusetts[,] during normal business hours[,] in a well-populated area that is within a quarter mile of public transportation and not more than 30 miles from

1

> Petitioner's residence[,] with all personal documents . . . and belongings[,] without conditions such as ankle monitors or tracking devices[,] with attire appropriate to the weather conditions[,] and after having given at least six hours' notice to Petitioner's counsel of the time and place of Petitioner's release.

Id. at 18 ¶ 5–19 ¶ 7. Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and an order "requir[ing] that Respondents not retaliate against Petitioner for the filing of this action and, upon his release, not re-detain Petitioner absent an individualized showing of changed circumstances that would warrant detention under applicable law." Id. at 19 ¶¶ 8–9.

As the basis for relief, Petitioner asserts that he is a member of the certified class in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.) and is therefore entitled to a bond hearing under 8 U.S.C. § 1226(a). See Pet. ¶¶ 50–56 [Doc. No. 1]. Petitioner also argues that, without the procedural protection of a bond hearing, Petitioner's detention violates his procedural and substantive due process rights guaranteed by the Fifth Amendment to the United States Constitution. See id. ¶¶ 57–65.

> In their abbreviated Response [Doc. No. 6], Respondents
>
> submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 317043 (D. Mass. Nov. 13, 2025).

Id. at 1. Respondents thus acknowledge that, "[s]hould the Court follow its reasoning in Doe, Escobar, Da Silva, Venancio, and Caguana–Caguana, it would reach the same result here." Id. at 1–2.

In a footnote, Respondents argue that, in the alternative, "the Court should dismiss this Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v.

2

Moniz, Civil Action No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025)[,]" although Respondents "recognize that this argument was rejected by the Guerrero Orellana court in its order granting class certification [on October 30, 2025]." Resp. 2 n.1 [Doc. No. 6].

In Guerrero Orellana, a judge in this District issued a partial final judgment declaring that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." __ F. Supp. 3d __, 2025 WL 3687757, at *10 (D. Mass. Dec. 19. 2025); see Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, Dkt. No. 144 (D. Mass. Jan. 21, 2026) (clarifying that the certified class "includes all individuals who satisfied the class definition on or after September 22, 2025, or who satisfy the class definition in the future"). The court finds nothing in this declaratory judgment to restrict the court's habeas jurisdiction to ensure that Petitioner is not held in custody on grounds found unlawful by this court or in contravention of the declaratory judgment in Guerrero Orellana. See Rodriguez v. Wesling, No. 26-cv-11247-IT, 2026 WL788250, at *1 (D. Mass. Mar. 20, 2026); Arbe Vilchez v. Moniz, No. 26-cv-10571-IT, 2026 WL 381828, at *2 (D. Mass. Feb. 11, 2026); Moura v. Moniz, No. 25-cv-14011-IT, 2026 WL 177862, at *2 (D. Mass. Jan. 22, 2026).[1]

---

[1] Insofar as Petitioner seeks an order "requir[ing] that Respondents not retaliate against Petitioner for the filing of this action and, upon his release, not re-detain Petitioner absent an individualized showing of changed circumstances that would warrant detention under applicable law[,]" Pet. 19 ¶ 7 [Doc. No. 1], the court declines to grant such injunctive relief where "the possibility of [Petitioner's] future detention . . . is only hypothetical at the moment[.]" Andrade v. U.S. Dep't of Homeland Sec., No. 25-cv-40201-MRG, 2025 WL 3527159, at *3 (D. Mass. Dec. 9, 2025).

Accordingly, pursuant to this court's jurisdiction under 28 U.S.C. § 2241, and consistent with the declaratory judgment ordered in <u>Guerrero Orellana</u>, the <u>Petition</u> [Doc. No. 1] is GRANTED as follows:

No later than April 15, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that his court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than April 17, 2026.

IT IS SO ORDERED.

April 8, 2026                                  /s/ Indira Talwani
                                               United States District Judge